UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
PHILIPPE NAIM; SUZANE SUISSA-NAIM;
H.G.N., a minor, by her parents and natural
guardians PHILIPPE NAIM and SUZANE SUISSA-NAIM; and A.N., a minor, by her parents and
natural guardians PHILIPPE NAIM and SUZANE
SUISSA-NAIM,

**AMENDED COMPLAINT**

Docket No.: 10-CV- 912(FB)(RER)

Plaintiffs,

**Jury Trial Demanded**

- against -

THE CITY OF NEW YORK; POLICE
DEPARTMENT OF THE CITY OF NEW YORK;
POLICE OFFICER HOWARD SLADE; SERGEANT
JOSEPH DURANTE; POLICE OFFICER SHELDON
RICHMOND; POLICE OFFICER RAYMOND
HIGGENS and JOHN DOES 1 - 6, being six
unknown officers of the Police Department of the
City of New York who arrested Philippe Naim on
December 18, 2009,

Defendants.
------------------------------------------------------------------X

Plaintiff, complaining of the defendant, by his attorneys, THE BERKMAN

LAW OFFICE, LLC, alleges for his complaint as follows:

### THE PARTIES

1. At all times mentioned herein, the plaintiff, PHILIPPE NAIM is a natural person residing in the City and State of New York, County of Kings.

2. At all times mentioned herein, the plaintiff, SUZANE SUISSA-NAIM is a natural person residing in the City and State of New York, County of Kings.

3. At all times mentioned herein, the plaintiff, H.G.N., is a minor, having been born in 1992, brings this action through her parents and natural guardians PHILIPPE NAIM and SUZANE SUISSA-NAIM, and is a natural person residing in the City and State of New York, County of Kings.

4. At all times mentioned herein, the plaintiff, A.N., is a minor, having been born in 1994, brings this action through her parents and natural guardians PHILIPPE NAIM and SUZANE SUISSA-NAIM, and is a natural person residing in the City and State of New York, County of Kings.

5. Upon information and belief, the defendant THE CITY OF NEW YORK ("City") is a municipal corporation organized and existing under the laws of the State of New York.

6. Upon information and belief, the defendant POLICE DEPARTMENT OF THE CITY OF NEW YORK ("Police Department") is a division or department of the defendant City.

7. Upon information and belief, the Defendant, P.O. Howard Slade, Shield No. 1164, 70 precinct, 154 Lawrence Avenue, Brooklyn, NY 11230, is an officer who arrested Philippe Naim on December 18, 2009 at approximately 10:15 p.m.

8. Upon information and belief, the Defendant, Sgt. Joseph Durante, Shield No. 521, 70 precinct, 154 Lawrence Avenue, Brooklyn, NY 11230, is an officer who arrested Philippe Naim on December 18, 2009 at approximately 10:15 p.m.

9. Upon information and belief, the Defendant, P.O. Sheldon Richmond, Shield No. 27679, 70 precinct, 154 Lawrence Avenue, Brooklyn, NY 11230, is

an officer who arrested Philippe Naim on December 18, 2009 at approximately 10:15 p.m.

10. Upon information and belief, the Defendant, P.O. Raymond Higgens, Shield No. 1164, 70 precinct, 154 Lawrence Avenue, Brooklyn, NY 11230, is an officer who arrested Philippe Naim on December 18, 2009 at approximately 10:15 p.m.

11. The defendants named herein as JOHN DOES 1 - 2, are intended to be two officers of the Police Department of the City of New York, whose exact identities are unknown to the plaintiff, but who are the officers who arrested Philippe Naim on December 18, 2009 at approximately 10:15 p.m.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this matter pursuant to 28 USC § 1331, as plaintiff asserts a cause of action under 42 USC § 1983.

13. Venue is properly placed in the United States District Court for the Eastern District of New York since a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE UNDERLYING FACTS

14. On or about December 18, 2009 at approximately 10:15 p.m. the plaintiffs were in their home at 1531 East 17th Street, Brooklyn, New York 11230.

15. At or about the aforementioned time, an individual not known to the plaintiffs began banging violently on the front door of their home, shaking the door, attempting to gain entry to the home, while screaming irrationally demanding to be let in to the house and to be given soup, and threatening to kill someone in the house.

16. The unknown individual's threatening conduct continued for a prolonged period of time.

17. Plaintiffs were terrified for their lives, and one of them called 911.

18. The 911 operator promised that police would come, and instructed the plaintiffs not to open the door until the police arrived.

19. Meanwhile, the irrational stranger continued his menacing conduct.

20. When the plaintiffs saw that police cars had arrived in front of the house, they opened the door, whereupon the irrational individual entered the plaintiffs' home.

21. In an effort to protect his family and his home from a violent intruder, the plaintiff Philippe Naim, who was standing just inside the door, pushed the intruder back outside the house.

22. The intruder stumbled and fell backwards, and in so doing tumbled over the railing of the plaintiffs' stoop and became injured.

23. A group of police officers then rushed into the plaintiffs' home, threw plaintiff Philippe Naim to the floor, pinned him to the floor, and aggressively and violently handcuffed him, utilizing excessive force.

24. Needless to say, the manner In which the police handled this situation-in which the family had called the police to protect them from a violent intruder and wound up seeing their husband and father victimized by police violence was extremely disturbing to the plaintiffs and their children.

25. One of the plaintiff children, AN., age 15, approached the police officers and begged them to stop hurting her father. The police officer responded by

placing his hand on her breast and pushing her back, while screaming at her to stay away or be arrested herself.

26. The plaintiff Philippe Naim was placed under arrest and taken away in a police vehicle.

27. All charges against Philippe Naim were dismissed on February 18, 2010.

28. As a result of the defendants' actions, the plaintiff Philippe Naim was caused to suffer severe and permanent personal injuries, including: injury to his arms; exacerbation and aggravation of previous arm injury and surgical surgery; pain and humiliation; intense pain and discomfort relating to application of handcuffs; sleep deprivation; was required to violate his religious beliefs by riding in a car and being incarcerated on the Sabbath; was subjected to false arrest, wrongful incarceration, and malicious prosecution; was deprived of his liberty; his property rights were violated by the officers' wrongful entry; his home was wrongfully invaded by the police officers and his domestic harmony was disturbed; was left with psychologically injured family members; and plaintiff Philippe Naim was otherwise injured.

29. As a result of the defendants' actions, the plaintiffs SUZANE SUISSA-NAIM, H.G.N, and/or A.N. were caused to suffer severe and permanent personal injuries, including: shock and horror at having their home invaded and their domestic harmony disturbed by the police officers, and witnessing their husband and father being physically abused, wrongfully arrested, falsely imprisoned, and deprived of his liberty rights by police officers; being inappropriately and violently touched by a police officer; exacerbation and aggravation of previous developmental disability and psychologically delicate condition, requiring extensive psychotherapy; pain and

humiliation; sleep deprivation; property rights were violated by the officers' wrongful entry; was left with psychologically injured family members; and plaintiffs were otherwise injured.

## AS AND FOR A FIRST CLAIM FOR RELIEF

30.   Plaintiff repeats and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

31.   Upon information and belief, at all times relevant to this complaint, the police officers named herein were acting under the color of state authority.

32.   Upon information and belief, at all times relevant to this complaint, the defendant police officers subjected the plaintiff to the aforementioned conduct, which constituted a deprivation of his rights, privileges, and immunities secured by the Constitution and laws of the United States of America and the State of New York.

33.   Upon information and belief, the conduct of the defendant police officers was consistent with the policies of the defendants City and Police Department, and as such the defendants City and Police Department are directly liable for the actions of the police officer defendants.

34.   Additionally, the defendants City and Police Department are vicariously liable for the actions of the police officer defendants as the actions alleged herein were within the scope of the employment of the police officer defendants.

35.   The defendants are jointly and severally liable.

36.   By reason of the foregoing, the plaintiff is entitled to recover from the defendant pursuant to 42 U.S.C. § 1983 for the full extent of his damages, in an amount to be determined at trial, but not to exceed $2,000,000.

WHEREFORE, the plaintiff demands judgment against the defendant in the amounts and for the relief requested herein, plus attorney's fees to the extent permitted by law.

Dated: Brooklyn, New York
       July 21, 2010

Respectfully submitted,
THE BERKMAN LAW OFFICE, LLC
*Attorneys for the Plaintiff(s)*

by: /s/ Robert Tolchin
Robert Tolchin

111 Livingston Street, Suite 1928
Brooklyn, New York 11201
718-855-3627

TO: Barry Myrvold, Esq.
MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
*Attorney for Defendants*
100 Church Street, Room 3-162
New York, NY 10007

P.O. Howard Slade, Shield No. 1164
70th precinct
154 Lawrence Avenue
Brooklyn, NY 11230

Sgt. Joseph Durante, Shield No. 521
70th precinct
154 Lawrence Avenue
Brooklyn, NY 11230

P.O. Sheldon Richmond, Shield No. 27679
70th precinct
154 Lawrence Avenue
Brooklyn, NY 11230

P.O. Raymond Higgens, Shield No. 1164
70th precinct
154 Lawrence Avenue
Brooklyn, NY 11230